STATE OF NORTH CAROLINA EX REL UTILITIES COMMISSION v. BEATTIES FORD UTILITIES, INC., DERITA WOODS UTILITIES, INC., IDLEWILD UTILITIES, INC., SHARON UTILITIES, INC., SPRINGFIELD UTILITIES, INC., PROVIDENCE UTILITIES, INC.

No. 7410UC39

(Filed 3 April 1974)

Utilities Commission § 5— water and sewer utilities — rate case
    Order of the Utilities Commission in a rate case involving five water and sewer utilities in Mecklenburg County is affirmed.

Judge MORRIS dissenting.

APPEAL by five of the applicants from an order of the North Carolina Utilities Commission issued 29 July 1973 in Docket Nos. W-192, Sub 2; W-191, Sub 2; W-167, Sub 1; W-193, Sub 1; W-194, Sub 2; and W-181, Sub 3. Argued in the Court of Appeals 19 February 1974.

Each of the applicants, with the exception of Providence Utilities, Inc., is a water and sewer utility serving various franchise areas in Mecklenburg County. Providence Utilities, Inc. provides only sewer service in its franchise area. Each of the applicants is a wholly owned subsidiary of The Ervin Company. By order issued 14 June 1972, the Utilities Commission consolidated the six applications for hearing, and declared these proceedings to be general rate cases pursuant to G.S. 62-137.

*Edward B. Hipp, Commission Attorney, and E. Gregory Stott, Associate Commission Attorney, for the North Carolina Utilities Commission.*

*Mraz, Aycock, Casstevens & Davis, by John A. Mraz, for the five applicants.*

BROCK, Chief Judge.

These are general rate cases and have been so declared by the Commission pursuant to G.S. 62-137. See G.S. 7A-30(3).

The order of the Utilities Commission does not apply to the applicant, Sharon Utilities, Inc., Docket No. W-193, Sub 1. That utility has transferred its system to the City of Charlotte and its certificate has been cancelled.

Each of applicants' assignments of error has been considered and is overruled. The order of the North Carolina Utilities Commission is affirmed.

Judge CARSON concurs.

Judge MORRIS dissents.

Judge MORRIS dissenting.

In my opinion the Commission erred in several respects. The Commission found there was a negative rate base. There was uncontradicted evidence that the original cost of appellants' plant was $1,613,763. After deduction for depreciation, the

value was $1,186,165. The Commission took the position that the plant was contributed by customers and, therefore, applicants were not entitled to depreciation expense. This, I think, was erroneous. Over the years, appellants had received the sum of $1,773,069 tap on fees which were classified as contributions-in-aid of construction. The uncontradicted evidence was that $865,550 income tax was paid on these contributions. When this almost 50% of the contributions is put back into the rate base, the applicants would have an out-of-pocket investment of some $340,000. For the Commission to fail to consider the amount paid as income tax on the contributions-in-aid of construction, in my opinion, constituted error. Additionally, the Commission concluded that most of the service areas served by the applicants were subject to be annexed by the City of Charlotte on 30 June 1973, and after that time the City of Charlotte would provide water and sewer service in some of the areas. Therefore, the Commission concluded, "it would be unjust and unreasonable to increase the applicants' rates for the period from the time of this Order through said annexation, which is presently planned for June 30, 1973." The order was issued 5 December 1972. I am of the opinion that the proposed annexation by a city of a part, or even all, of an area served by applicants has nothing to do with the rate making process. If the utility is entitled to an increase, it is entitled to it even though the period of collection be only a few months. Nor was there absolute assurance that the area would be annexed. Indeed, a portion of it was not.